# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

**No. 25-5452**                                    **September Term, 2025**

1:25-cv-00766-JEB

**Filed On:** December 15, 2025

In re: Donald J. Trump, et al.,

       Petitioners

**BEFORE:**    Rao, Walker, and Childs, Circuit Judges

## O R D E R

Upon consideration of the petition for a writ of mandamus; the emergency motion for a stay pending resolution of the petition for a writ of mandamus, and the opposition thereto; and the notice of district court orders, it is

**ORDERED**, on the court's own motion, that respondents file a response to the petition for a writ of mandamus, not to exceed 8,800 words, by December 29, 2025. See Fed. R. App. P. 21(a)(1), (b)(1); D.C. Cir. Rule 21(a), (b). Petitioners shall file a reply, not to exceed 4,900 words, by January 5, 2026. While not otherwise limited, the parties are directed to address the following issue:

Federal law recognizes that criminal contempt may be direct or indirect. See Young v. U.S. ex rel. Vuitton et Fils S.A., 481 U.S. 787, 797-99 (1987). A court may initiate criminal proceedings for indirect contempt through notice and a referral for prosecution. See Fed. R. Crim. P. 42(a)(1)-(2). In seeking information about decisions made outside the presence of the court and referencing the possibility of a referral for prosecution, the district court appears to contemplate indirect contempt proceedings. See ECF No. 196 at 1. On what legal basis may a district court (1) investigate possible grounds for indirect contempt and (2) delay a referral for prosecution until it finds probable cause that indirect contempt occurred?

**Per Curiam**

                **FOR THE COURT:**
                Clifton B. Cislak, Clerk

       BY:    /s/
              Selena R. Gancasz
              Deputy Clerk